ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U S D C Atlanta

APR 1 1 2005

LUTHER D. THOMAS, Clerk
By _____ Deputy Clerk

AutomationDirect.com, Inc ,

    Plaintiff,

v.

Autotech Technologies L P , AVG
Advanced Technologies, Inc , Shalli
Industries, Inc., and Shalabh Kumar,

    Defendants.

CIVIL ACTION NO.

**1 05-CV 961**

JURY TRIAL DEMANDED

**-CC**

## COMPLAINT

Plaintiff AutomationDirect com, Inc  ("ADC" or "Plaintiff") states the

following for its complaint against Autotech Technologies Limited Partnership,

AVG Advanced Technologies, Inc , Shalli Industries, Inc , and Shalabh Kumar

(collectively, "Defendants"), who collectively are doing business under many

names, including without limitation "AVG," "AVG Automation," "AC Autotech

Controls," "Uticor," and "EZ Automation"

    1    This is an action at law and in equity for false advertising, copyright

infringement, trademark infringement, and unfair competition and deceptive

trade practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq

("Lanham Act"), the Copyright Act of 1976, 17 U S.C  §§ 101 et seq , the fair

business practices and unfair and deceptive trade practices acts of the several states, including the Georgia Deceptive Trade Practices Act, O.C G.A. §§ 10-1-370 et seq.; and the common law

2.      Defendants have distributed and are distributing advertising and promotional materials that contain both literally false and materially misleading statements regarding Defendants' goods and services and those of Plaintiff Defendants are distributing a catalog that copies original text, graphics and other elements from Plaintiff's catalog   Moreover, Defendants are using in commerce Plaintiff's trademarks EZTOUCH and EZTEXT without the consent, authorization, or approval of Plaintiff, and such usage is likely to cause confusion as to the source, sponsorship or affiliation of Defendants' goods and services.  Defendants' actions constitute false advertising, copyright infringement, trademark infringement, and violate various state laws governing unfair trade practices   Defendants' actions are causing Plaintiff irreparable harm for which there is no adequate remedy at law

### JURISDICTION AND VENUE

3      This Court has subject matter jurisdiction over this dispute under 28 U S.C. §§ 1331 and 1338 because this suit arises under the federal Copyright Act and the federal Lanham Act   This Court also has jurisdiction under 28 U.S.C.

§ 1332(a), in that the amount in controversy exceeds $75,000 and this action is between citizens of different states  The Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U S.C. § 1367

4      This Court has personal jurisdiction over Defendants because, on information and belief, Defendants have distributed false and misleading advertising within this State, have distributed or sold infringing merchandise within this State, have engaged in acts or omissions within this State causing injury, have engaged in acts or omissions outside of this State causing injury within this State, have distributed products used or consumed within this State in the ordinary course of trade, or have otherwise made or established contacts with this State sufficient to permit the exercise of personal jurisdiction. This District is a proper venue pursuant to 28 U.S C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District

## THE PARTIES

5      Plaintiff AutomationDirect com, Inc  is a corporation organized and existing under the laws of the State of Georgia, having its principal place of business at 3505 Hutchinson Street, Cumming, Georgia 30040.

3

6.      On information and belief, Defendant Autotech Technologies
Limited Partnership is a limited partnership organized and existing under the
laws of the State of Illinois, having a principal place of business at 343 St Paul
Boulevard, Carol Stream, Illinois 60188

7       On information and belief, Defendant AVG Advanced Technologies,
L P is a limited partnership organized and existing under the laws of the State of
Illinois, having a principal place of business at 4140 Utica Ridge Road,
Bettendorf, Iowa 52722

8       On information and belief, Defendant Shalli Industries, Inc. is a
corporation organized and existing under the laws of the State of Illinois, having
a principal place of business at 4140 Utica Ridge Road, Bettendorf, Iowa 52722.

9       On information and belief, Defendant Shalabh Kumar, is a resident
of Illinois and is an officer and principal of Defendant Autotech Technologies
L P., Defendant AVG Advanced Technologies, L P , and Defendant Shalli
Industries, Inc  On further information and belief, Mr. Kumar has had direct
involvement, participation, and a financial interest in, as well as supervision
over, Defendants' acts of infringement described in this Complaint

10     On information and belief, Defendants collectively are doing and have done business under many names, including "AVG," "AVG Automation," "AC Autotech Controls," "Uticor," and "EZ Automation."

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Success of the AutomationDirect.Com Business**

11     Founded in 1992, Plaintiff AutomationDirect.Com sells industrial automation and control products direct to customers via a free 1,600-page print catalog and a fully interactive website   Because Plaintiff sells its products to end purchasers without a field sales force, it is able to offer these products at among the lowest prices in the industry.

12     Plaintiff's line of industrial automation and control products is vast. Among the 5,000 or so name-brand and private-label products listed in its 2004 catalog are PLCs (programmable logic controllers), computer hardware and software, and various other products used in industrial automation, including by way of example, motor controls, sensors, pushbuttons, lights, and timers

13.    Since at least 2001, Plaintiff's customer service consistently has been ranked by well-known trade publications (<u>Control</u> and <u>Control Design</u>) as being among the best in the industry    Moreover, surveys conducted by Plaintiff show that more than 95% of customers would recommend Plaintiff to others, and more

than 90% of customers believe that Plaintiff's customer service is better than that offered by other automation product suppliers.

**B.    AutomationDirect.Com Catalog**

14.    Critical to the success of Plaintiff's business has been its unique, easy-to-use catalog, which allows customers to purchase industrial automation goods directly from Plaintiff at great savings   The most recent edition of Plaintiff's catalog was first published and distributed to existing and prospective customers in May 2004.

15    Because Plaintiff's catalog is over 1,600 pages in length, the entire catalog is not attached; however, a true and correct copy of excerpts from Plaintiff's 2004 catalog is attached as **Exhibit 1**   Plaintiff's 2004 catalog is hereinafter referred to as the "2004 ADC Catalog."

16.    The 2004 ADC Catalog is an original work of authorship embodying copyrightable subject matter, subject to the full protection of the United States Copyright Laws.

17    Plaintiff is the sole and exclusive owner to all right, title, and interest in and to the copyrights in the 2004 ADC Catalog.

18    The 2004 ADC Catalog bears a copyright notice that states·

6

Copyright 2004, *Automationdirect.com* Incorporated/All Rights Reserved

No part of this publication shall be copied, reproduced, or transmitted in any way without the prior, written consent of *Automationdirect.com* Incorporated   *AutomationDirect* retains the exclusive rights to all information included in this document

A true and correct copy of the inside cover page of the 2004 catalog, which bears this notice, is attached as **Exhibit 2**

19      On or about  February 25, 2005, the Register of Copyrights issued a Certificate of Registration (No  TX 6-097-975) to Plaintiff for the 2004 ADC Catalog.  A true and correct copy of the Certificate of Registration for this work is attached as **Exhibit 3**

**C.      The EZTOUCH and EZTEXT Trademarks**

20.      Among other products, Plaintiff offers operator interface panels for industrial automation controls under Plaintiff's private-label trademarks EZTOUCH and EZTEXT.  Pages from the 2004 ADC Catalog describing the EZTOUCH™ and EZTEXT™ products are attached as **Exhibit 4**.

21      Plaintiff coined the arbitrary terms "EZTOUCH" and "EZTEXT" for its operator interface panels on or around July, 1999, and began offering for sale and selling private-label products under the EZTOUCH and EZTEXT trademarks at least as early as February of 2001   Those products were

manufactured under contract for Plaintiff by Defendants who played no part in selecting or promoting the trademarks.

22.     Based on continuous and exclusive use of the EZTOUCH and EZTEXT marks since Plaintiff's 2000 catalog, as well as substantial advertising, promotion, and sales under these marks, Plaintiff's EZTOUCH and EZTEXT trademarks have become well known within the industrial automation industry, and Plaintiff owns valuable goodwill that is symbolized by the marks.

23     Industrial automation and control customers are familiar with and identify the EZTOUCH and EZTEXT marks with Plaintiff, and the EZTOUCH and EZTEXT marks are understood by customers and the trade to be products uniquely marketed and supplied by Plaintiff and otherwise identified with Plaintiff.

24.     On July 16, 2004, Plaintiff filed a federal trademark application (Serial No. 76/602,557) for the EZTOUCH mark for "input and display panels for industrial automation controls " The application is still pending before the United States Patent and Trademark Office

25     On February 25, 2005, Plaintiff filed a federal trademark application (Serial No 78/575386) for the EZTEXT mark for "input and display panels for

industrial automation controls." The application is still pending before the United States Patent and Trademark Office

## DEFENDANTS' UNLAWFUL ACTIVITIES

26      Between 1999 and 2004, Defendants acted as an exclusive contract supplier of touch-screen products to Plaintiff, which Plaintiff resold under Plaintiff's private-label EZTOUCH and EZTEXT trademarks. That exclusive relationship expired at the end of 2004 and Defendants currently are a non-exclusive supplier of such products to Plaintiff

27      In late January 2005, Defendants began offering industrial automation goods and services direct to consumers as a direct competitor of Plaintiff  The launch of Defendants' direct-sales business has included an extensive advertising and promotional campaign, targeted press releases, and the distribution of thousands of copies of a product catalog (the "AVG Catalog") to Plaintiff's existing and prospective customers

### A.      Defendants' False and Misleading Advertising

28      Defendants' advertising has included false and misleading claims as to the price of Defendants' products as compared to those of Plaintiff. For example, Defendants distributed a "wrap" advertisement on the cover of the January 2005 issue of <u>Control Engineering</u>, one of the leading trade publications

in the industrial automation business  The advertisement included a large green "burst" design stating "SAVE 20-50%" directly above the EZTOUCH trademark  A true and correct copy of this wrap advertisement is attached as **Exhibit 5**. Inside that same issue of Control Engineering, Defendants placed a removable advertising flyer which, at the top, reads "FROM THE DESIGNERS OF EZTOUCH" and then states "Save 5-20%" immediately below.  A true and correct copy of this removable flyer is attached as **Exhibit 6**.  More recently, in an interview with another leading trade publication, Control magazine, Defendant Kumar stated, "we are anywhere from 10 to 60% below everybody else, including AutomationDirect "  A true and correct copy of this article is attached as **Exhibit 7**

29      All of these claims of cost savings are inaccurate and are literally false or misleading to potential purchasers  The same advertisements also falsely imply that Defendants are selling EZTOUCH-branded products at significant savings below Plaintiff's price for the same products, while, in fact, only Plaintiff sells products under the EZTOUCH brand

30       Defendants' advertising has included numerous false and misleading claims regarding its customers  For example, Defendants have claimed that "over 10,000 customers" have "proclaimed" that their programming

software is the easiest to use.  Defendants also have claimed that "[m]ore than 10,000 companies and over 20,000 Automation Control Engineers have used our software without having the need to attend even a one hour tutorial "  True and correct copies of these advertisements are attached collectively as **Exhibit 8** [AVG Catalog pp. 3-4 and 3-17].  On information and belief, Defendants are, *inter alia*, inaccurately representing Plaintiff's customers as those of Defendants.

31.     Defendants' advertising has included numerous false and misleading claims regarding its customer service ratings.  For example, Defendants have claimed to be "Rated the Best in Class" and "Rated A+," stating specifically "[y]ou have consistently rated us as one of the highest scorers through ADC's customer feedback programs "  A true and correct copy of promotional material making these claims is attached as **Exhibit 9** [AVG Catalog p. 1-5].  On information and belief, Defendants are claiming Plaintiff's customer service ratings as their own

32     Defendants' advertising claims that Defendants have implemented the "Customer Driven Leadership" model created by Dr. Ted Anders and used with great success by Plaintiff   Defendants state

> Many of you are already familiar with the culture of Customer Driven Leadership ["CDL"] as practiced by Automationdirect.com As part of their federation, we were introduced to CDL and adopted

> it as AVG's operating philosophy   We are officially trained by Dr.
> Ted Anders and his team in the practice of servant leadership. * * *
> Customers generate report cards for the team members servicing
> them in various departments such as customer service, inside sales,
> technical support, shipping as well as accounting

A true and correct copy of promotional material making these claims is attached

as **Exhibit 10** [AVG Catalog p. 1-10]   On information and belief, these claims are

literally false and misleading

33.     A "Message from the President/CEO" (Defendant Kumar)

contained in the AVG Catalog includes numerous false and misleading

statements   First, Mr Kumar claims that "[o]ver 10,000" customers have

incorporated the "EZTouch and EZ Text product lines" over "the last four

years"   Second, Mr. Kumar claims that "customer feedback surveys

consistently have given our Tech Support the highest rating possible"   Third,

Mr  Kumar claims that Defendants have "the best possible service in the

industry"   Fourth, Mr  Kumar claims that Defendants offer "***even better***

***customer service***" than Plaintiff   (Emphasis in original)   A true and correct copy

of this "Message from the President/CEO" is attached hereto as **Exhibit 11** [AVG

Catalog p  1-1]

34.     The aforesaid representations made by Defendants in their advertising are literally false and/or misleading and are likely to deceive and confuse customers and potential customers of both Defendants and Plaintiff.

35     The representations made by Defendants in the aforesaid advertising relate to material facets of both Defendants' and Plaintiff's industrial automation goods and services.

36     Upon information and belief, Defendants have knowingly and willfully made the false representations contained in the advertising knowing such representations were false, misleading, and likely to deceive consumers.

37.     Upon information and belief, Defendants, with knowledge that the advertising contained false representations, allowed the public to rely on these false representations to its detriment

38     As a result of Defendants' wrongful conduct, Plaintiff has been damaged and will sustain further damage to its goodwill and reputation.

**B.     Defendants' Infringing Catalog**

39     Defendants had access to the 2004 ADC Catalog prior to the creation and distribution of the AVG Catalog.

40.     Defendants have copied text, graphics, and layout from the 2004 ADC Catalog and incorporated the same into the AVG Catalog.

41      Defendants' catalog contains text that is identical to that contained

in Plaintiff's catalog, including the following examples

| 2004 ADC Catalog | AVG Catalog |
| --- | --- |
| "Easy to Program, Easy to Operate" "You can create a basic screen in about 10 minutes.  We know you have better things to do than attend a class on how to configure a touch panel! EZTouch is so intuitive that in a few minutes you should be able to create great screens on your own " [p 9-4] | "Easy to Program, Easy to Operate" "You can create a basic screen in about 10 minutes  We know you have better things to do than attend a class on how to configure a touch panel! EZTouch is so intuitive that in a few minutes you should be able to create great screens on your own " [p 3-12] |
| "Key Features" Incredible 3-D graphical objects· pushbuttons, numeric entry, meters, line graphs, PID faceplates, etc  All are high-speed vector-based objects with amazing scalability" "Unmatched alarm capability with history, count and details" "Floating point support for Meters, Bar Graphs, PID and Line Graphs" [p 9-5] | "Key Features" Incredible 3-D graphical objects: pushbuttons, numeric entry, meters, line graphs, PID faceplates, etc. All are high-speed vector-based objects with amazing scalability" "Unmatched alarm capability with history, count and details" "Floating point support for Meters, Bar Graphs, PID and Line Graphs" [p 3-13] |
| "One of the fields to be completed in the object creation window is the PLC tagname.  Type in the tagname and the appropriate PLC address string and data type, and the object will be linked to the PLC.  It's that easy!" [p 9-19] | "One of the fields to be completed in the object creation window is the PLC tagname.  Type in the tagname and the appropriate PLC address string and data type, and the object will be linked to the PLC   It's that easy!" [p. 3-27] |

True and correct copies of the referenced pages are attached collectively as

**Exhibit 12**

42      Defendants' catalog contains text that is substantially similar to that

contained in Plaintiff's catalog, including the following examples:

| 2004 ADC Catalog | AVG Catalog |
|---|---|
| "Password security is available for all data input objects. Up to eight user defined password labels of security are available  Also, variable passwords can be defined from PLC registers " [p 9-6] | "All data input objects have password security   A user can define up to eight password labels of security.  In addition, variable passwords can be defined from registers in the PLC." [p. 3-14] |
| "There are two types of messaging for the panels. local and PLC.  Local messages are displayed on the screen unless the PLC triggers a PLC message  When a PLC message is triggered, the PLC Message LED will also be illuminated.  The PLC message will remain displayed until it is acknowledged (pressing esc on the panel)." [p. 10-14] | "There are two message types which can be displayed  local and PLC   Local messages are displayed on the screen unless the PLC triggers a PLC message, which overrides a local message.  When a PLC message is triggered, the PLC Message LED will also be illuminated   The PLC message LED will remain on until the user acknowledges the situation by pressing [esc] on the panel." [p. 4-7] |
| The annunciator lamps (LEDS) available on the EZ220P are configured similar to the pushbuttons and LEDs on the EZ-220/420 panels.  You can individually select the colors and how they are activated   Once you have selected the starting address in the associated PLC, all of the lamps will be identified   The color that the lamp is illuminated depends on the bit assignment of the address selected " [p. 10-13] | "The annunicator lamps on the EZ-220P and EZ-220PV models are configured similar to pushbuttons.  Once you have selected the starting address in the PLC, all of the lamp colors will be identified by the bit pairs.  The color that the lamp illuminates depends on the bit assignment of the address selected." [p. 4-7] |

True and correct copies of the referenced pages are attached collectively as

**Exhibit 13**

43      Defendants' catalog contains pages in which the selection, coordination, and arrangement of elements is identical or substantially similar to that contained in Plaintiff's catalog   For example, the charts that appear on page 3-20 of the AVG Catalog are copied virtually identically from page 9-12 of the 2004 ADC Catalog.  Similarly, the layout and arrangement of elements appearing on page 3-24 of the AVG Catalog are reproduced almost identically from page 9-16 of the 2004 ADC Catalog.  True and correct copies of these pages are attached collectively as **Exhibit 14**.

44      Indeed, the trade press has noted the striking similarity between Defendants' catalog and ADC's catalog   As one author said of Defendant Kumar in a January 27, 2005, article in <u>Control</u> magazine   "His new catalog looks startlingly like ADC's. . .  "  (See article attached at **Exhibit 7**.)

45.     On information and belief, Defendant Kumar personally wrote the vast majority of the text and personally designed the vast majority of the graphics in Defendants' catalog

46.     On information and belief, Defendants' infringement of Plaintiff's copyrights in its catalog is willful, intentional, and deliberate, and was done with the intent to siphon sales from Plaintiff and otherwise reap the benefit of Plaintiff's original work

47.    The natural, probable, and foreseeable result of Defendants'
wrongful conduct has been and continues to be to deprive Plaintiff of the benefits
of its exclusive right to reproduce, distribute, and sell catalogs including its
copyrighted material.

### C.    Defendants' Unauthorized Use of the EZTOUCH and EZTEXT Trademarks

48.    In 1999, Defendants agreed to manufacture and supply Plaintiff
with input and display panels.  Defendants began delivering these panels for sale
by Plaintiff in 2001  Since that time, Plaintiff has sold these panels under
Plaintiff's private-label trademarks EZTOUCH and EZTEXT.  Defendants were
not involved in the creation or development of the EZTOUCH or EZTEXT marks
and have never owned any rights in or to the EZTOUCH or EZTEXT marks.

49    Defendants' prominent use of the EZTOUCH and EZTEXT marks in
their advertising is designed to create confusion.  Customers and members of the
industrial-automation trade believe that products and services provided under
the EZTOUCH and EZTEXT  marks are uniquely those of Plaintiff, and they will
be confused by Defendants' unauthorized use of Plaintiff's marks in Defendants'
advertising and promotional materials

50    Plaintiff used the EZTOUCH and EZTEXT marks extensively and
continuously long before Defendants began using the marks.  Defendants were

fully aware of Plaintiff's prior EZTOUCH and EZTEXT marks when they began offering for sale and selling input and display panels for industrial automation controls under the same marks and began publishing advertising using Plaintiff's marks in a manner calculated to mislead customers

51    The goods sold by Defendants are identical to and compete with goods sold by Plaintiff, and are sold through identical or overlapping channels of trade.

52    Defendants' use of confusingly similar imitations of Plaintiff's EZTOUCH and EZTEXT marks is likely to deceive, confuse and mislead prospective purchasers and purchasers into believing that their goods are provided by Plaintiff or have the endorsement, authorization, license, or approval of Plaintiff, which they do not   The likelihood of confusion, mistake and deception engendered by Defendants' misappropriation of Plaintiff's mark is causing irreparable harm to the goodwill symbolized by the EZTOUCH and EZTEXT marks, and the reputation for quality that the marks embody.

53    Defendants have willfully, intentionally and maliciously used the EZTOUCH and EZTEXT marks with the purpose of fostering the misperception and mistaken belief that Plaintiff is the source or sponsor of goods sold by Defendants, or is in some way affiliated with Defendants

18

54.    Indeed, Defendants have admitted to Plaintiff that they believed they could sell more products if they used Plaintiff's EZTOUCH and EZTEXT marks because Plaintiff had been so successful with these marks

## FIRST CLAIM FOR RELIEF

### (False Advertising Under 15 U.S.C. § 1125(a))

55    Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 54 as if fully set forth herein.

56.    Defendants have made false statements and misrepresentations of fact regarding their services and impliedly false representations regarding Plaintiff's services in connection with the sale or offering for sale of Defendants' goods or services in interstate commerce

57.    Defendants' statements and representations are false, misleading, and likely to deceive relevant customers and the public.

58    Defendants have made and are making misrepresentations concerning the inherent nature, characteristics, or qualities of their goods and services and those of Plaintiff's goods and services, in commercial advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U S C  § 1125(a)(1)(B).

59    Defendants' false and misleading statements relate to material facets of both Defendants' and Plaintiff's industrial automation goods and services

19

60      Plaintiff has been and is being damaged and is likely to sustain further damage as a result of Defendants' false and misleading statements.

61      Defendants' actions demonstrate an intentional, willful, and bad faith intent to harm the business and the goodwill and reputation of Plaintiff and its goods and services

62      Defendants are causing, and are likely to cause, substantial injury to the public and to Plaintiff and Plaintiff has no adequate remedy at law and is entitled to injunctive relief and to recover Defendants' profits and Plaintiff's actual and trebled damages, costs, and reasonable attorney fees under 15 U.S.C. §§ 1125, 1116, and 1117.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement Under 17 U.S.C. § 501)

63      Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 62 as if fully set forth herein

64      The 2004 ADC Catalog is an original work of authorship, and Plaintiff is the sole and exclusive owner of all right, title and interest in and to the copyright in the 2004 ADC Catalog

65      Prior to creation of the AVG Catalog, Defendants had access to Plaintiff's 2004 ADC Catalog.

66      Significant portions of Defendants' AVG Catalog are identical or substantially similar to copyrighted materials in Plaintiff's 2004 ADC Catalog.

67.     Without Plaintiff's authorization, Defendants copied text, graphics and layout from Plaintiff's catalog in violation of the Copyright Act, 17 U.S.C. § 501.

68.     Defendants committed the acts of infringement alleged herein willfully and in knowing disregard of Plaintiff's rights

69      As a result of Defendants' acts of infringement alleged herein and in accordance with Section 504(b) of the Copyright Act, 17 U.S.C. § 504(b), Plaintiff is entitled to recover from Defendants the damages it has sustained and will sustain, and any profits obtained by Defendants as a result of or attributable to the infringement   At present, the amount of such damages and profits cannot be fully ascertained by Plaintiff

70      Further, in accordance with Section 502 of the Copyright Act, 17 U S C  § 502, Plaintiff is entitled to injunctive relief to prevent Defendants from continuing to infringe Plaintiff's copyrights in this and other catalogs published by Plaintiff

21

## THIRD CLAIM FOR RELIEF

## (Federal Unfair Competition Under 15 U.S.C. § 1125(a))

71     Plaintiff repeats and incorporate by reference the allegations in Paragraphs 1 through 70 as if fully set forth herein

72     Defendants' use of the EZTOUCH and EZTEXT marks or confusingly similar imitations thereof is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' goods are manufactured or distributed by Plaintiff, or are affiliated, associated or connected with Plaintiff, or have the sponsorship, endorsement or approval of Plaintiff

73     Defendants have made false representations, false descriptions, and false designations of origin of their goods in violation of 15 U.S.C § 1125(a), and Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Plaintiff's goodwill and reputation as symbolized by the EZTOUCH and EZTEXT marks, for which Plaintiff has no adequate remedy at law

74     Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's EZTOUCH and EZTEXT marks to the great and irreparable injury of Plaintiff.

75.    Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff, and Plaintiff is entitled to injunctive relief and to recover Defendants' actual damages, profits, costs and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116 and 1117  Plaintiff further is entitled to have its profits award enhanced and its damages award trebled pursuant to 15 U S C  § 1117.

### FOURTH CLAIM FOR RELIEF

### (False Advertising Under O.C.G.A. § 10-1-423)

76.    Plaintiff repeats and incorporates by reference the allegations in Paragraphs 1 through 75 as if fully set forth herein

77     Defendants made and disseminated before the public in the State of Georgia, through an advertising device, untrue or fraudulent statements

78     Defendants knew, or by the exercise of reasonable care should have known, the statements to be untrue or fraudulent

79     Defendants made such statements with intent, directly or indirectly, to dispose of property or to perform services in violation of O C G.A  § 10-1-421.

80      Defendants are causing, and are likely to cause, substantial injury and damage to Plaintiff, and Plaintiff has no adequate remedy at law and is entitled to injunctive relief in accordance with O C G.A § 10-1-423.

## FIFTH CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

81.     Plaintiffs repeat and incorporate by reference the allegations in Paragraphs 1 through 80 as if fully set forth herein.

82.     Defendants, with full knowledge of Plaintiff's EZTOUCH and EZTEXT marks, have used identical or confusingly similar marks to sell identical or nearly identical products and have engaged in marketing, distributing, and selling goods bearing these marks for the purpose of trading upon Plaintiff's established goodwill and business reputation and to attract purchasers to Defendants' AVG Catalog

83      Defendants have intentionally used colorable imitations of the EZTOUCH and EZTEXT marks in a manner calculated to mislead and deceive purchasers and the public for the purpose of selling or offering for sale products for Defendants' unjust enrichment

84      Defendants' conduct constitutes infringement of the common law rights of Plaintiff, and improper and unfair competition with Plaintiff, which has

damaged and will continue to damage Plaintiff's goodwill and reputation to the irreparable injury of Plaintiff, for which Plaintiff has no adequate remedy at law

85.     Defendants have passed off their goods and services as those of Plaintiff to purchasers who are likely to believe mistakenly that Defendants' goods and services are authorized by Plaintiff

86.     Defendants' actions violate O C G A. § 23-2-55 and the common law of Georgia, and have damaged and continue to damage Plaintiff, causing irreparable harm for which Plaintiff has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

### (Unfair and Deceptive Trade Practices)

87.     Plaintiffs repeat and incorporate by reference the allegations in Paragraphs 1 through 86 as if fully set forth herein

88.     By reason of the acts set forth above, Defendants have engaged in deceptive trade practices within the meaning of the Georgia Uniform Deceptive Trade Practices Act, O C G A §§ 10-1-370 et seq by: passing off their goods and services as those of Plaintiff; causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of their goods and services, causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of their goods and services with Plaintiff

or its goods and services; using deceptive representations or designations of

origin in connection with their goods and services; representing that Defendants

and their goods and services have the sponsorship, approval, authorization,

affiliation, characteristics, uses, benefits, or quantities of Plaintiff or its goods and

services, which they do not have, making false or misleading statements of fact

concerning the existence of or amounts of price reductions, and engaging in

other conduct that similarly creates a likelihood of confusion or of

misunderstanding of the public and the trade

89.     Defendants' actions also violate the unfair and deceptive trade

practices statutes of other states, including Colorado, COLO REV STAT ANN

§§ 6-1-101 to 6-1-115 (West 1996 and Supp 1998), Delaware, DEL. CODE ANN.

tit. 6, §§ 2531 to 2536 (1993 & Supp 1998), Hawaii, HAW. REV. STAT. §§ 481A-1

to 481A-5 (1993), Illinois, 815 ILL. COMP STAT ANN 510/1 to 510/7 (1993);

Maine, ME REV STAT ANN tit 10, §§ 1211 to 1216 (West 1996); Minnesota,

MINN STAT ANN. § 325D 43 to 48 (West 1995); Nebraska, NEB. REV. STAT

§§ 87-301 to 87-306 (1995), New Mexico, N M. STAT. ANN. §§ 57-12-1 to 57-12-22

(Michie 1995); New York, N.Y. GEN BUS L § 349 (McKinney 1988), Ohio, OHIO

REV. CODE ANN §§ 4165 01 to 4165 04 (West 1995); Oklahoma, OKLA. STAT

ANN  tit  78, §§ 51 to 55 (West 1995 & Supp  1998), and Oregon, O.R.S. §§ 646.605
to 646 656 (1997).

90      Defendants' willful and knowing unfair and deceptive practices
have caused and will continue causing substantial injury to Plaintiff and the
public and Plaintiff is entitled to injunctive relief and an award of attorneys' fees
pursuant to O C G A  §10-1-373 and similar provisions of the other State laws
cited herein

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

1      Defendants, their employees, agents, officers, directors, attorneys,
successors, affiliates, subsidiaries and assigns, and all those in active concert and
participation with them, be preliminarily and permanently enjoined from:

       a      distributing the AVG Catalog;

       b.      imitating, copying, using, reproducing, displaying,
distributing, creating derivative works of, or authorizing any third party to
imitate, copy, reproduce, display, distribute, or create derivative works of
the 2004 ADC Catalog, in any manner, medium, or form, or otherwise
infringing Plaintiff's copyright in the 2004 ADC Catalog, or otherwise
infringing Plaintiff's copyrights;

c    using, authorizing, or aiding in any way any third party to use the EZTOUCH or EZTEXT mark in connection with the sale of input and display panels for industrial automation controls or any other mark likely to be confused with the EZTOUCH or EZTEXT mark;

d    using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendants' goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that Defendants' goods are produced or provided by Plaintiff, or are sponsored or authorized by, or in any way connected or related to Plaintiff,

e    expressly or impliedly making any false or misleading representation regarding themselves or their goods and services, or regarding Plaintiff or its goods and services,

f.    engaging in any other activity constituting unfair competition with Plaintiff; and

g.    assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a-f) above

28

2.      Defendants be directed to deliver up to Plaintiff within five days of entry of judgment, or at such earlier time as the Court may order, all brochures, computer files, catalogs, packaging, labels, headers, tags, cards, drawings, designs, screens, films, plates, cylinders, masters, advertisements, notes, promotional materials, displays, literature, websites, photographs, and all other matter in their possession, custody, or control incorporating, featuring, or bearing any simulations, variations, colorable imitations, alterations, or mutilations of the 2004 ADC Catalog or the EZTOUCH or EZTEXT mark, or any materials that could be used to reproduce infringing material substantially similar to or confusingly similar to the 2004 ADC Catalog or the EZTOUCH or EZTEXT mark.

3       Defendants be directed to file with the Court and serve upon Plaintiff's counsel within thirty days after entry of such judgment, or at such earlier time as the Court may order, a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

4.      In accordance with Section 504(b) of the Copyright Act, 17 U.S.C. § 504(b), Plaintiff be awarded such damages as it has sustained and will sustain as a result of or attributable to Defendants' copyright infringement, together with

29

any profits obtained by Defendants as a result of or attributable to their copyright infringement

5.    Plaintiff be awarded its costs and attorneys' fees, as authorized by Section 35 of the Lanham Act, 15 U.S C. § 1117, and the Georgia Uniform Deceptive Trade Practices Act, § 10-1-370 et seq

6    Plaintiff be awarded, pursuant to 15 U S C  § 1117 of the Lanham Act, such damages as it has sustained or will sustain by reason of Defendants' unfair competition and false advertising, together with all gains, profits, and advantages derived by Defendants from such conduct, and that Plaintiff's actual damages be trebled and Defendants' infringing profits be enhanced as a result of their violations of the Lanham Act.

7.    Plaintiff be awarded punitive damages against Defendants as a result of the willful and deliberate infringement of the EZTOUCH and EZTEXT trademarks and the 2004 ADC Catalog, and their deceptive trade practices, in order to deter such conduct.

8    Plaintiff be awarded interest, including prejudgment interest, on the foregoing sums

9    Plaintiff be awarded such other and further relief as the Court may deem just and proper

## JURY TRIAL DEMAND

Plaintiff respectfully demands a trial by jury on all claims and issues so triable

DATED:  April 11, 2005

Respectfully submitted,

_____
Virginia S. Taylor
Georgia Bar No. 701250
VTaylor@kilpatrickstockton.com
James A. Trigg
Georgia Bar No  716285
JTrigg@kilpatrickstockton com
R  Charles Henn Jr.
Georgia Bar No. 347098
CHenn@kilpatrickstockton.com

KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia 30309-4530
Phone  (404) 815-6500
Fax. (404) 815-6555

Attorneys for Plaintiff